AO 243   (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of Massachusetts | |
|---|---|---|
| Name of Movant<br>John J. Connolly, Jr. | Prisoner No.<br>22928-038 | Case No.<br>99-10428-JLT |
| Place of Confinement<br>Vance-A, LSCI, P.O. Box 999, Butner, NC 27509-0999 | | |

| UNITED STATES OF AMERICA | V. | JOHN J. CONNOLLY, JR.<br>(name under which convicted) |
|---|---|---|

## MOTION

1. Name and location of court which entered the judgment of conviction under attack
   U.S. District Court for the District of Massachusetts
   Boston, Massachusetts

   MAGISTRATE JUDGE _____

2. Date of judgment of conviction   5/28/2002

3. Length of sentence   121 Months

   **04-12396 JLT**

4. Nature of offense involved (all counts)
   Count One:      Racketeering
   Count Six:       Obstruction of Justice
   Count Seven:  Obstruction of Justice
   Count Nine:    False Statement

5. What was your plea? (Check one)
   (a) Not guilty          ☑
   (b) Guilty              ☐
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury         ☑
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☑   No ☐

(2)

AO 243    (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court    U.S. First Circuit Court of Appeals

   (b) Result    Affirmed

   (c) Date of result    August 14, 2003

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐    No ☑

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court

        (2) Nature of proceeding

        (3) Grounds raised

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐    No ☑

        (5) Result

        (6) Date of result

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court

        (2) Name of proceeding

        (3) Grounds raised


AO 243   (Rev. 2/95)

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
      Yes ☐   No ☐

   (5) Result

   (6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
   (1) First petition, etc.    Yes ☐   No ☐
   (2) Second petition, etc.  Yes ☐   No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
   Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243    (Rev. 2/95)

   (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
   (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
   (e) Conviction obtained by a violation of the privilege against self-incrimination.
   (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
   (g) Conviction obtained by a violation of the protection against double jeopardy.
   (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
   (i) Denial of effective assistance of counsel.
   (j) Denial of right of appeal.

A. Ground one:
   Unconstitutional application of the Federal Sentencing Guidelines through the utilization of acquitted and uncharged conduct not found beyond a reasonable doubt by a trial by jury which resulted in unlawfully enhancing the sentence of the Petitioner.
Supporting FACTS (state *briefly* without citing cases or law):
   See attached Petitioner's Statement of Supporting Facts.

B. Ground two:
   Denial of effective assistance of counsel.

Supporting FACTS (state *briefly* without citing cases or law):
   See attached Petitioner's Statement of Supporting Facts.

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

(5)

AO 243    (Rev. 2/95)

    D.  Ground four:

        Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:
    Ineffective assistance of counsel and subsequent explanatory case law, i.e., Blakeley v. Washington.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐   No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing
        Tracey A. Minor, Esq., One Financial Center, Boston, MA 02111

    (b) At arraignment and plea
        Tracey A. Minor, Esq., One Financial Center, Boston, MA 02111

    (c) At trial
        Tracey A. Minor, Esq., One Financial Center, Boston, MA 02111

    (d) At sentencing
        Tracey A. Minor, Esq., One Financial Center, Boston, MA 02111

AO 243   (Rev. 2/95)

    (e) On appeal
        Tracey A. Minor, Esq., One Financial Center, Boston, MA 02111

    (f) In any post-conviction proceeding

    (g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☑  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐  No ☑

    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☐  No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_Nov 4, 2004_
Date

_John J. Connolly Jr._
Signature of Movant

(7)

99-10428-JLT

# PETITIONER'S STATEMENT OF SUPPORTING FACTS

1. Unlawful Enhancement of Sentence: My present sentence of 121 months reflects an "anachronistic" application of unconstitutional sentencing guidelines resulting in sentencing enhancements based upon so-called "relevant conduct" – consisting of acquitted and uncharged conduct. Additionally, the purported conduct referenced by the court and/or a staff member of the probation department in my pre-sentence report was allegedly found pursuant to the application of the standard consisting only of the "preponderance of the evidence." All such sentencing procedures were in violation of the then existing rule of law enunciated in *Apprendi*, as specifically confirmed in the recent *Blakely* case. These enhancements (excepting only prior convictions) may only be permitted if admitted to by a defendant, or otherwise found by a jury beyond a reasonable doubt. Therefore, the sentencing procedures that were applied to my situation, including the court's denial of my right to have a sentencing hearing, has denied me my established constitutional rights to due process, my sixth amendment rights, and including that of my right to have a jury trial on all facts that were determinative of the sentence imposed upon me by the court.

2. The use of "enhancements," in the absence of charging and proving the same, denied me of my right to notice that would have affected the nature of the defenses that I otherwise may have interposed at the time of trial. These defenses included, but were not necessarily limited to, my taking the stand and/or calling other witnesses who would provide testimony as to some or all of these related matters, and which would have been both relevant and exculpatory.

3. That I have never knowingly, willingly and/or intentionally waived any of my rights under *Apprendi* at the time of my sentencing, or in the appeal of my conviction to the First Circuit Court of Appeals, and that therefore the relief requested herein should be granted by this court.

4. The sentence imposed by the court was not proportionate to the gravity of the offenses for which I was convicted, and additionally resulted in the unconscionable inequity of failing to establish parity amongst the related defendants.

5. Denial of Effective Assistance of Counsel: The prosecution knowingly and intentionally delayed until the proverbial eleventh hour to provide petitioner with many thousands of pages of discovery documents and materials at a time, and in a manner, that precluded the possibility of subjecting the same to any meaningful and intelligible review and analysis. The material was ultimately submitted to my counsel at a time proximate to the scheduled trial date, and in a form specifically intended to deny my counsel the ability to timely and effectively access such voluminous materials -- being unorganized, not indexed, and not formatted (e.g., in a digital format with search capabilities). Additionally, here existed certain other documents were withheld by the prosecution for which I was entitled to receive under *Brady*, the possession of which would have provided for a more effective defense at the time of trial, with the reasonable likelihood of affecting the final decision by the jury.

1

6. In addition to the prosecutorial misconduct noted herein, the court unreasonably refused a timely request of my counsel for an extension of time within which to review and analysis the discovery documents that were provided. This additional time was absolutely required in order that these documents could be intelligibly reviewed and organized in a manner that trial counsel could then effectively assist me in my defense, such as being able to use such material to challenge the false accusations of certain prosecution witnesses. Additionally, although I do not presently have access to all this material, I have been informed that newly discovered materials produced in a series of related civil matters makes it clear that I was in fact deprived of numerous certain other records and documents of the Federal Bureau of Investigation and Department of Justice that would have proven beyond dispute that substantially all of the purported "relevant conduct" and charge(s) were untrue, and would otherwise have allowed my counsel to provide the level of "effective assistance" that I am constitutionally entitled to receive in these circumstances.