UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN J. CONNOLLY, JR.
    PETITIONER,

- V -

UNITED STATES OF AMERICA
    RESPONDENT

Civ. No. 04-12396-JLT
[Crim. No. 99-10428-JLT]

FILED CLERKS OFFICE
2005 MAR 17 P 3: 16
U.S. DISTRICT COURT
DISTRICT OF MASS

MOTION FOR CLARIFICATION OF THE HONORABLE COURT'S ORDER AND
RECONSIDERATION OF THE ISSUE OF APPOINTMENT OF COUNSEL

Comes now, John J. Connolly, Jr., ) (Hereinafter "Petitioner") appearing pro se and hereby moves the Honorable Court for Clarification and Reconsideration of Petitioner's prior request for appointment of counsel.

I. RELEVANT HISTORICAL BACKGROUND

The pertinent historical background to be reviewed in this matter was laid out in Petitioner's motion requesting appointment of Counsel and therefore will not be reiterated here. Thus, Petitioner incorporates said summary of background by reference pursuant to Federal Rules of Civil Procedure, Rule 10(c).

II. REQUEST FOR CLARIFICATION OF HONORABLE COURT'S
ORDER AND/OR IN THE ALTERNATIVE RECONSIDERATION ON THE ISSUE OF
APPOINTMENT OF COUNSEL

In Petitioner's prior motion to the Honorable Court entitled, "Motion Requesting Appointment of Counsel," Petitioner requested the appointment of Counsel to assist him in the preparation of various motions and discovery of evidence requests stemming from the revelation of Perjury uttered by prosecution witness, Frank Salemme, under oath during Petitioner's trial. In addition, a myriad of "Newly Discovered Evidence" has been obtained from media accounts and from documents furnished to Petitioner in connection with discovery requests in separate Civil actions. Moreover, Petitioner has been alerted to the discovery of "Newly Discovered Evidence" eminating from the exercise of the broad investigative

and subpoena powers of the Congressional Committee on Government Reform.

Petitioner believes Mr. Salemme's Perjury, coupled with several compelling examples of "Newly Discovered Evidence" unearthed by the Committee on Government Reform will clearly prove Petitioner's Actual Innocence, thus, necessitating the request for appointment of Counsel.

The Honorable Court responded to said request of Petitioner by Ordering, "that the Motion Requesting Appointment of Counsel (#6) be, and the same hereby is DENIED without prejudice." The Honorable Court ordered that, "since Counsel has been appointed in that case (Cr. No. 99-10428-JLT), as per Judge Tauro's direction, there is an insufficient showing that Counsel is necessary in the instant § 2255 proceeding." It is because Petitioner has never been made aware that, in fact, Counsel has been appointed by the Honorable Judge Tauro in Petitioner's criminal case (Cr. No. 99-10428-JLT), that Petitioner comes now to request the Honorable Court's Clarification and Reconsideration.

Petitioner apparently caused unintended confusion by not being more specific in articulating his prior request and for not making it clear to the Honorable Court that the Request for Appointment of Counsel was for representation in a separate motion for a new trial anticipated as a result of "Newly Discovered Evidence" relating to Petitioner's criminal case. Petitioner intends to bring a Motion for a new trial pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure as duly noted in the Court's Order.

Petitioner's confusion is attributed to Petitioner's understanding (from media accounts and from second hand sources), that counsel previously appointed by the Honorable Judge Tauro has made a motion to withdraw from representing Petitioner, and said request (again from media accounts and second hand sources), has allegedly been granted. Petitioner is not in a position to know whether the above cited information is an accurate representation of the Order of the Honorable Court in that Petitioner, as of today (March 9th, 2005), has never received notification by any party, of same.

As the Honorable Court has duly noted, it is for the purpose of Petitioner's preparation of a Rule 33(a) Motion under the Federal Rules of Criminal Procedure that Petitioner seeks the appointment of Counsel by the Honorable Court.

The instances of Perjury uttered by prosecution witness, Frank Salemme, at Petitioner's criminal trial, coupled with media revelations that the prosecution withheld from Petitioner evidence in their possession proving same, are but a few of several compelling examples of "Newly Discovered Evidence," which evidence, Petitioner believes, in and of itself, will warrant a new trial supported by a Rule 33(a) Motion.

For example: In addition to the Perjured testimony of Frank Salemme in connection with the May 1993 disappearance of one, Stephen A. DiSarro, cited in Petitioner's prior motion, Petitioner has been alerted by media accounts and "Newly Discovered Evidence" from discovery obtained in separate Civil actions indicating that government prosecutors knew that, in addition to the eight (8) murders that prosecution witness, Frank Salemme, admitted to in his Plea Agreement with the Government, the government withheld from Petitioner a broad spectrum of evidence in their possession -- to include testimonial statements from cooperating witness -- that proved Mr. Salemme's involvement in, at least, seven (7) additional murders. Government prosecutors knew Mr. Salemme lied to them about several other murders he was responsible for, were in possession of credible evidence proving same -- and deliberately withheld the details of this evidence from Petitioner.

Moreover, as cited in Petitioner's prior Motion, Petitioner, in separate Civil proceedings, has discovered "Newly Discovered Evidence" in the form of testimony and corroborating documents unearthed by the broad subpoena and investigative power of the Congressional Committee on Government Reform. This evidence of testimony and corroborative documentation unearthed by the Committee on Government Reform was deliberately withheld from Petitioner at the time of Petitioner's criminal trial in violation of the Government's statutory and Constitutional

obligation to have furnished Petitioner with exculpatory evidence in the government's possession at the time of Petitioner's trial. This evidence, independently discovered by the Congressional Committee on Government Reform will, upon Petitioner's information and belief, serve to establish proof beyond any doubt of Petitioner's Actual Innocence and completely undermine the charges and purported evidence furnished to Petitioner's Grand Jury. The "Newly Discovered Evidence" obtained by separate discovery pursuant to Civil actions and from the investigative efforts of the Congressional Committee on Government Reform also serves to demonstrate a clear pattern of Outrageous Prosecutorial Misconduct engaged in by government prosecutors.

In addition to the above, motions for discovery in separate Civil actions has also yielded evidence of Perjury on the part of another prosecution witness, Kevin Weeks, which Perjury is confirmed by separate and independent revelations reported in the media and further demonstrates that Petitioner was denied his Constitutional protections guaranteed by the Due Process Clause of the Fifth Amendment and the Sixth Amendment.

Petitioner intends to demonstrate that documents that were exculpatory in nature, were denied to Petitioner by prosecutors in violation of their duty imposed by the Supreme Court precedents established in Brady v. Maryland, 373 U.S. 83, 87 (1963); and, United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed. 2nd 481, 53 U.S.L.W. 5084 ("the suppression by the prosecution of evidence favorable to an accused upon request violates Due Process where the evidence is material either to guilt or punishment").

Petitioner request that the Court take judicial notice that Petitioner, in this case at bar, is not sure that he understands the precise basis upon which the Honorable Court has denied his Motion for Appointment of Counsel. As far as can be discerned or abstracted from subject Order, the court concluded that such a request stemmed from his criminal case and the District Court had already appointed him Counsel for his criminal proceedings; therefore, the

Motion for Appointment of Counsel is moot. However, in the event the Honorable Court is unaware of the following facts, as understood to the best of Petitioner's ability, my appointed Counsel filed motions to withdraw from my criminal case and the District Court has supposeldy granted the Motion. Although I learned this from newspaper accounts, and also learned from those same accounts that the Honorable Court has appointed me another Counsel, I have not been placed on notice of any such appointment. In fact, as of this date (March 9, 2005), Petitioner has yet to receive any documentation that would serve to verify, one way or another, that he has been furnished with appointed Counsel by the Court.

Thus, viewed in this light, this Honorable Court can see why Petitioner claims the Order is ambiguous and needs clarification. Furthermore, if this Honorable Court was in receipt of the aforementioned facts and still denied the motion without prejudice, please take this motion as a Motion for Reconsideration.

In sum, because of the sensitive and compelling nature of the "Newly Discovered Evidence" now available to Petitioner, the need for further discovery requests based on media reports and the Congressional Committee on Government Reform's investigative efforts, in the interest of Justice, and in preservation of Judicial economy the Petitioner respectfully requests this Honorable Court to appoint legal Counsel to assist Petitioner in the preparation or a Rule 33(a) Motion under the Federal Rules of Criminal Procedure. The Petitioner prays this Honorable Court grant any and all relief it finds mete and proper.

Respectfully submitted,

John J. Connolly, Jr.
Reg # 22928-038
LSCI   Vance-A
P.O. Box 999
Butner, NC   27509

## CERTIFICATE OF SERVICE

I, John J. Connolly, Jr., certify that I mailed one true-copy of the foregoing Motion for Clarification and/or Reconsideration to the United States Attorney for the District of Massachusetts, by placing it in an envelope with first-class pre-paid postage affixed thereto, and addressing to the below address.

US Attorney Michael J. Sullivan
Office of the United States Attorney
District of Massachusetts
John J. Moakley US Courthouse
One Courthouse Way
South Boston, Mass  02210

Respectfully submitted,

John J. Connolly, Jr.
Reg# 22928-038
LSCI   Vance-A
P.O. Box 999
Butner, NC  27509