UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:04-CV-12396-JLT |
| | : | |
| JOHN J. CONNOLLY, JR. | : | May 16, 2005 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION PURSUANT TO
RULE 15(A) AND (C) OF THE FED. R. CIV. P. FOR LEAVE TO AMEND AND
SUPPLEMENT HIS ORIGINAL SEC. 2255 PETITION [DOC. #15]**

On April 29, 2005, the defendant filed a motion [doc. #15] for leave to amend his original § 2255 petition. In that motion, the defendant argues that his sentence of 121 months violated the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 125 S. Ct. 738 (2005).

By order dated May 5, 2005, this Court directed the Government to file and serve any opposition to that motion on or before the close of business on Tuesday, May 17, 2005. For the reasons set forth below, the Government does not oppose the defendant's request to amend his § 2255 petition,[1] but respectfully requests that the Court deny the relief sought therein.

**I.    Facts and Procedural History**

On October 11, 2000, a federal grand jury returned a superseding indictment containing a number of charges against the defendant John J. Connolly, Jr., and Stephen J. Flemmi. Connolly was charged with RICO and RICO conspiracy (Counts 1 and 2), conspiracy to obstruct justice (Count 3), obstruction of justice (Counts 4, 6, and 7), witness tampering (Count 8), and making a

---

[1] *See, e.g., Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002) (noting that § 2255 petitioner is permitted to amend pleading before judgment enters pursuant to Fed. R. Civ. P. 15(a))

false statement to federal investigators (Count 9).

On May 6, 2002, trial began with jury selection on Counts 1, 4, 6, 7, and 9. On May 28, 2002, after a three-week trial, the jury convicted the defendant of RICO (Count 1),[2] two counts of obstruction of justice (Counts 6 and 7), and making false statements (Count 9). The jury acquitted the defendant of the obstruction of justice charge in Count 4.

On September 16, 2002, this Court sentenced the defendant to 121 months in prison, to be followed by two years of supervised release, plus a special assessment of $400. At sentencing, the Court adopted the factual findings and sentencing guideline calculations of the Presentence Report prepared by the Probation Office, over the defendant's objections. There was no dispute that the defendant fell into Criminal History Category I. The parties agreed that the defendant's offense level had to be calculated by cross-reference to the guidelines applicable to the subject of his obstruction-of-justice conviction. The defendant contended that the proper cross-reference was to the "failure to appear" guideline (§ 2J1.6) on the theory that Connolly was simply trying to prevent James "Whitey" Bulger from appearing in court in response to his indictment, whereas the government contended that the guidelines should be based on the murder guideline (§ 2A1.1) because Connolly's tipping of Bulger and others to their imminent indictment obstructed efforts to have them tried on murder charges returned by a federal grand jury. This Court agreed with the government's interpretation of the guidelines, and accordingly set the defendant's offense level at 30, yielding a range of 97-121 months of imprisonment. At sentencing, the Court imposed the

---

[2]As reported on a special verdict form, the jury found that Racketeering Acts 4, 11, 12A and 12B, 13, and 14A and 14B of Count 1 had been proven beyond a reasonable doubt. Racketeering Acts 1, 2, 3, 6, 7, 8, and 9 were found not to have been so proven. See A-8 to A-14.

highest possible sentence within the guideline range.

The defendant filed a timely appeal. On August 14, 2003, the Court of Appeals for the First Circuit affirmed his conviction and sentence in all respects. The defendant did not file a petition for writ of *certiorari* with the U.S. Supreme Court. Accordingly, on November 12, 2003, the defendant's conviction became final. *See* Sup. Ct. R. 13 (providing 90-day period for seeking *certiorari*).

On November 12, 2004, the defendant filed a motion [doc. #1] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On November 17, 2004, U.S. District Judge Tauro referred this case to U.S. Magistrate Judge Collings. On January 5, 2005, this Court granted the defendant's request [doc. # 3] that he be permitted until April 29, 2005, to file an amended § 2255 petition. On April 8, 2005, the defendant filed a motion to amend [doc. #9], which was granted by this Court on March 22, 2005. On April 29, the defendant filed a second motion to amend [doc. #15], which is currently pending before this Court.

**II.    Discussion**

**    *Booker* Set Forth a New Constitutional Rule of Criminal Procedure That Is Not Retroactively Applicable on Collateral Review.**

In his Motion to amend, the defendant argues that the rule announced in *United States v. Booker*, 125 S. Ct. 738 (2005), is retroactively applicable to his case, and therefore entitles him to re-sentencing. Such a claim has been rejected by every circuit court of appeals to consider the question, and should be likewise rejected by this Court.

In *Booker*, the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in *Blakely v. Washington*, 124 S. Ct.

2531 (2004). *See* 125 S. Ct. at 756. The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury. *Id.* As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), rendering the Guidelines "effectively advisory." *Id.* at 757.

The principle adopted in *Booker* constitutes a "new constitutional rule of criminal procedure," which, under *Teague v. Lane*, 489 U.S. 288 (1989), is not retroactively applicable to cases (like the defendant's) that became final before the decision was announced. The Supreme Court's decision in *Schriro v. Summerlin*, 124 S. Ct. 2519 (2004), supports the argument that *Booker* states a new procedural rule that is not retroactive to cases on collateral review. In *Summerlin*, the Court considered whether *Ring v. Arizona*, 536 U.S. 584 (2002), applies retroactively to cases that had already become final when *Ring* was decided. *Ring* held that because Arizona law authorized the death penalty only if an aggravating factor was present, *Apprendi* required the existence of such a factor to be proved to a jury rather than to a judge. Summerlin's conviction and death sentence, which was imposed under the same Arizona law that was at issue in *Ring*, became final long before *Ring* was decided.

The Supreme Court held that "*Ring* announced a new procedural rule that does not apply retroactively to cases already final on direct review." 124 S. Ct. at 2526. The Court explained that a "new rule" resulting from one of its decisions applies to convictions that are already final only in limited circumstances. New *substantive* rules generally apply retroactively, but new *procedural* rules generally do not – only "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding" are given retroactive effect. *Id.* at 2523 (internal quotation marks omitted). The Court concluded that *Ring*'s holding is properly

classified as procedural, rather than substantive, because it did not alter the range of conduct or the class of persons subject to the death penalty in Arizona; instead, it merely changed the method of determining whether the defendant engaged in that conduct. *Id.* at 2523-24. The Court also held that *Ring* did not fall within *Teague*'s narrow exception for "watershed rules" of criminal procedure. To qualify as a watershed rule, the Court explained, a new procedural rule must be one "without which the likelihood of an accurate conviction is *seriously* diminished." *Id.* at 2523 (quoting *Teague*, 489 U.S. at 313) (emphasis added in *Summerlin*). The Court held that *Ring* did not announce a watershed rule of criminal procedure because it could not confidently say that judicial fact finding seriously diminishes the accuracy of capital sentencing proceedings. *Id.* at 2424-25.

Consistent with the reasoning of *Summerlin*, the First Circuit had joined every other Court of Appeals to have considered the issue in holding that because *Apprendi* is a procedural rule that does not fall within the "watershed" exception, it is not retroactively applicable to cases on collateral review. *See Sepulveda v. United States*, 330 F.3d 55 (1st Cir. 2003).[3] Importantly, the First Circuit in *Sepulveda* held that *Apprendi* was not a watershed rule not only despite the difference between using the jury and the judge as factfinder, but also despite the difference in the

---

[3] *Accord Coleman v. United States*, 329 F.3d 77 (2d Cir.), *cert. denied*, 124 S. Ct. 840 (2003)*; United States v. Swinton*, 333 F.3d 481 (3d Cir.), *cert. denied*, 124 S. Ct. 458 (2003); *United States v. Sanders*, 247 F.3d 139 (4th Cir.), *cert. denied*, 534 U.S. 1032 (2001); *United States v. Brown*, 305 F.3d 304 (5th Cir. 2002), *cert. denied*, 538 U.S. 1007 (2003); *Goode v. United States*, 305 F.3d 378 (6th Cir.), *cert. denied*, 537 U.S. 1096 (2002); *Curtis v. United States*, 294 F.3d 841 (7th Cir.), *cert. denied*, 537 U.S. 976 (2002); *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001), *cert. denied*, 534 U.S. 1097 (2002); *United States v. Sanchez-Cervantes*, 282 F.3d 664 (9th Cir.), *cert. denied*, 537 U.S. 939 (2002); *United States v. Mora*, 293 F.3d 1213 (10th Cir.), *cert. denied*, 537 U.S. 961 (2002); *McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001), *cert. denied*, 536 U.S. 906 (2002).

two burdens of proof (preponderance-of-the-evidence v. beyond-a-reasonable-doubt). In order to constitute a "watershed" rule of criminal procedure, "a rule must not only improve the accuracy of criminal proceedings, but also alter our understanding of the bedrock procedural elements essential to the fairness of those proceedings. In short, it must be a groundbreaking occurrence." *Coleman*, 329 F.3d at 88 (internal quotation marks, alterations, and citations omitted).

*Booker,* like *Apprendi*, entailed an extension of the procedural rule that certain facts that go to punishment must be proven beyond a reasonable doubt to a jury. The Supreme Court has defined a "new rule" under *Teague* as one that was not "'*dictated* by precedent existing at the time the defendant's conviction became final.'" *Graham v. Collins*, 506 U.S. 461, 467 (1993) (quoting *Teague*, 489 U.S. at 301 (emphasis in *Teague*)); *see Sawyer v. Smith*, 497 U.S. 227, 234 (1990). Subsequent decisions have made clear that a rule may be "new" despite the fact that earlier cases supported it, *Sawyer*, 497 U.S. at 236, "or even control or govern" it, *Saffle v. Parks*, 494 U.S. 484, 491 (1990). Under that definition, *Booker* announced a new rule for *Teague* purposes. Every court of appeals with criminal jurisdiction held in the wake of *Apprendi* that the Sixth Amendment does not require facts that increase a defendant's Guidelines offense level to be found by the jury, and that judicial fact-finding in the application of the Guidelines is therefore constitutional.[4]

---

[4]*See, e.g., United States v. Pettigrew*, 346 F.3d 1139, 1147 n.18 (D.C. Cir. 2003); *United States v. Casas*, 356 F.3d 104, 128 (1st Cir.), *cert. denied*, 124 S. Ct. 2405 (2004); *United States v. Luciano*, 311 F.3d 146, 153 (2d Cir. 2002), *cert. denied*, 124 S. Ct. 1185 (2004); *United States v. Parmelee*, 319 F.3d 583, 592 (3d Cir. 2003); *United States v. Cannady*, 283 F.3d 641, 649 & n.7 (4th Cir.), *cert. denied*, 537 U.S. 936 (2002); *United States v. Floyd*, 343 F.3d 363, 372 (5th Cir. 2003), *cert. denied*, 124 S. Ct. 2190 (2004); *United States v. Tarwater*, 308 F.3d 494, 517 (6th Cir. 2002); *United States v. Merritt*, 361 F.3d 1005, 1015 (7th Cir. 2004), *petition for cert. pending*, No. 03-10979 (filed June 18, 2004); *United States v. Banks*, 340 F.3d 683, 684-685 (8th Cir. 2003); *United States v. Ochoa*, 311 F.3d 1133, 1134-1136 (9th Cir. 2002); *United States v.*

Every circuit court to consider the question has concluded that *Booker* announced a new rule that is not retroactively applicable on collateral review.  *See, e.g., United States v. Guzman*, 404 F.3d 139 (2d Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (per curiam); *see also In re Olopade*, 403 F.3d 159 (3d Cir. 2005) (holding *Booker* unavailable for second-or-successive habeas petitions, and suggesting in dicta that *Booker* is generally unavailable on collateral review).  The government respectfully requests that this Court join each of the foregoing circuits in concluding that the defendant's *Booker* claim is foreclosed in these § 2255 proceedings.

---

*Mendez-Zamora*, 296 F.3d 1013, 1020 (10th Cir.), *cert. denied*, 537 U.S. 1063 (2002); *United States v. Ortiz*, 318 F.3d 1030, 1039 (11th Cir. 2003).

**IV.      Conclusion**

For the foregoing reasons, the Government does not object to the defendant's request to amend his original § 2255 petition, but requests that the Court deny the relief sought therein.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        UNITED STATES ATTORNEY


        JOHN H. DURHAM
        SPECIAL ATTORNEY

        /s/ William J. Nardini

        WILLIAM J. NARDINI
        SPECIAL ATTORNEY
        157 Church Street, 23rd Floor
        New Haven, CT  06510
        Tel.: (203) 821-3700
        Fax: (203) 773-5378
        william.nardini@usdoj.gov

**CERTIFICATE OF SERVICE**

This is to certify that a copy of this Response was delivered this 16th day of May 2005 to:

E. Peter Mullane, Esq.
Mullane, Michel & McInnes
132 Mount Auburn Street
Cambridge, MA 02138-5736

Edward J. Lonergan, Esq.
101 Merrimac Street (Suite 800)
Boston, MA 02114-9601

        /s/ William J. Nardini

        WILLIAM J. NARDINI
        SPECIAL ATTORNEY