UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
JOHN J. CONNOLLY, JR.         )
       Petitioner               )
                                                )
VS.                                           ) CIVIL ACTION NO. 04-CV-12396-JLT
                                                )
UNITED STATES OF AMERICA  )
       Respondent            )
_____ )


**APPLICATION FOR CERTIFICATE OF APPEALABILITY**

     NOW COMES John J. Connolly, Jr. (the "Petitioner") and makes application for a Certificate of Appealability with respect to his appeal of this court's denial of his motion to vacate sentence pursuant to 28 U.S.C. 2255 (the "Petition"). This application is presented pursuant to 28 U.S.C. 2253, Rule 22 (b) (1), of the Federal Rules of Appellate Procedure, together with the mandate of the First Circuit Court of Appeals dated December 6, 2005, in the matter of *John J. Connolly, Jr. v. United States*, 05-2773 (the "Appeal"). Therefore, since the Appeal cannot proceed forward until such time as this court either appropriately issues its certificate of appealability as requested herein, or sets forth a statement as to why such certificate should not issue, it is respectfully requested that this court act upon this application at the earliest date convenient to the court.

     The Petitioner shall raise the following issues, *inter alia*, on appeal relating to the deprivations of his constitutional rights to due process under the Fifth Amendment, and to his right to a jury trial under the Sixth Amendment:

     **A.** The Petition was timely filed, and was of a form and substance sufficient as a matter of law to place before this court the necessity and

appropriateness of vacating his sentence.  In support thereof, and as stated therein, there was at the time of the original sentence by this court a misapplication of the then existing United States Federal Sentencing Guidelines.  This court acted without the benefit of an informed consideration of all the pertinent factors constitutionally mandated to insure the imposition of a just and fair sentence. In these particular circumstances, the court erroneously used the "preponderance of the evidence standard" for facts, neither found by the jury beyond a reasonable doubt nor admitted to by Petitioner, to enhance  the Petitioner's sentence by eighty-four (84) months.

**B.** The denial by this court of the Petition without articulation, together with the failure of this court to conduct a hearing or to otherwise seek to obtain the full and complete benefit of all the facts and relevant evidence in support hereof, was, *de minimus*, a violation of the Petitioner's constitutional right to due process. Additionally, the Petition had been stayed by this court by agreement of the parties [Docket #16] pending a final decision on Petitioner's collateral Rule 33 motion for a new trial.  Accordingly, On May 24, 2005, this court entered the following orders:

> "The merits of the claim added by the amendment will be considered when the stay previously entered has been lifted.
>
> The parties are ordered to file a pleading, either individually or jointly, when either or both parties wish the stay of this matter lifted.  Until such a pleading is filed, the Court shall take no further action in the case."

Notwithstanding this outstanding order of the court, and the fact that neither party moved or requested the lifting of the stay, a denial was entered by this court on November 17, 2005, which has now been appealed. In the event the parties had been permitted to file supplemental pleadings in support thereof, as had been anticipated and agreed upon, and that a hearing on the merits had been granted to the Petitioner as he requested consistent with procedural due process, the Petitioner states that his presentation of the facts and evidence would have demonstrated to this court, de minimus, that the so-

2

called predicate acts upon which this court originally relied upon to enhance (triple) the Petitioner's sentence, in the words of the prosecution, "**are not matters of moment.**"

Collectively**,** the foregoing constitutes a series of acts, and failures to act, that make manifest that the Petitioner has been denied his fundamental constitutional right to a full, open, fair and complete sentencing process, and that the denial thereof resulted in the constitutionally defective imposition of an extreme and unjust enhancement of Petitioner's sentence to its present 121 months.

**C.** That recusal by this court pursuant to 28 U.S.C. 455 (a) may be an appropriate consideration to insure the "appearance of impartiality." In support thereof, and as noted above, there has been the continued failure by this court to conduct post-conviction proceedings in accordance with the Petitioner's basic constitutional due process rights, and such other reasonable expectations of what is required of the court to be accorded any defendant under similar circumstances. In addition to all of the foregoing, such action may be particularly appropriate given the appearance of a pattern of impartiality including that exhibited by the imposition of the subject enhanced sentence without even having provided the Petitioner with the usual and customary benefit of a meaningful and substantive sentencing hearing. This concern was made further evident with the inexplicable refusal -- again without any articulated rationale -- to consider arguments regarding the serious allegations that the government intentionally placed the Petitioner in a position of extreme peril of great physical harm in the State of Florida. In fact, they had caused him to be incarcerated in a certain state facility within a so-called holding tank with approximately forty (40) other unclassified inmates. This outrageous government conduct and consequent serious peril to Petitioner's physical safety was only eliminated by the immediate and timely intervention of the First Circuit Court of Appeals in response to Petitioner's request for mandamus. This appropriate intervention by the First Circuit

resulted in the immediate removal of the Petitioner from the so-called holding tank to that of being placed in an appropriate type of protective custody arrangement, thereby insuring the Petitioner's physical safety and well being. Unfortunately, this appearance of complete indifference to the most basic of constitutional rights that should and must be afforded to the Petitioner throughout all of these related proceedings has now given rise to this constructive suggestion that due consideration be given for recusal under these particular circumstances.

WHEREFORE, the Petitioner respectfully requests that this court issue the Certificate of Appealability in accordance with the foregoing application requesting same.

DATED:  December 26, 2005

Respectfully submitted,

**JOHN J. CONNOLLY, JR**.
By his attorneys,

/s/  Edward J. Lonergan
_____
Edward J. Lonergan, Esquire
BBO #303960
101 Merrimac Street (Suite 800)
Boston, MA 02114-9601
Tel:  (617) 371-0430
Fax:  (617) 227-7177
E-Mail:edwardlonergan@aol.com

4

        /s/ E. Peter Mullane
        _____
        E. Peter Mullane, Esquire
        BBO #360000
        MULLANE, MICHEL & McINNES
        132 Mount Auburn Street
        Cambridge, MA 02138-5736
        Tel.:  (617) 661-9000
        Fax:   (617) 661-2915
        E-Mail:  peter@3mlaw.com

## **CERTIFICATE OF SERVICE**

I, Edward J. Lonergan, Esquire, hereby certify that a true copy of the foregoing Application for Certificate of Appealability was duly served this 26th day of December, 2005, upon John H. Durham, Assistant U.S. Attorney, by first class mail, postage prepaid, addressed as follows:

        John H. Durham, Asst. U.S. Attorney
        U.S. Attorney's Office
        157 Church Street (23rd Floor)
        New Haven, CT 06510

        /s/  Edward J. Lonergan
        _____
        Edward J. Lonergan, Esquire